

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00810-CR

Robert F. **CRUNK**,
Appellant

v.

The **STATE** of Texas,

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR0707
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  June 3, 2015

AFFIRMED

Robert Crunk appeals his conviction for criminal solicitation of a minor, arguing the trial court erred by denying his motion for a directed verdict because there was legally insufficient evidence that he intended to have a minor lewdly exhibit her entire breast. We affirm.

### BACKGROUND

Crunk was hired to work as a substitute teacher at Judson Middle School. He was indicted for soliciting a sexual performance by a child by having her lewdly exhibit her genitals, anus, or portion of her breast below the top of the areola. The case proceeded to a trial by jury.

The student, an eighth grader at the time of the incident, testified Crunk had been a substitute teacher for a while at the middle school and tended to be "too nice" to students. One day when Crunk substituted for the student's math class, he took the student to the back of the classroom, told her she was pretty, and asked her why her "boobies" were getting so big. She testified that later during class, Crunk sat next to her and started "feeling on" her leg "closest to her private part" and was moving his hand.

After the student moved Crunk's hand away, Crunk started writing notes to her. The student secretly video-recorded Crunk writing the notes. Crunk handed her a note that read, "Why are you so big [sic] to be so young? Send me some pics of you to my email. . . . Don't tell nobody. I don't want to get arrested or fire [sic]. I still want to see the tat and anything else you want to show me." The student explained she did not have a tattoo, but Crunk was probably referring to "the henna's [sic] or those stick-on tattoos." She further testified when she read the note, she thought he was asking for "nude pictures" of her.

At the close of the State's case, Crunk moved for a directed verdict challenging the sufficiency of the evidence supporting his intent that the student take a lewd photograph of her "genitals, the anus, or any portion of [her] breast below the top of the areola." The trial court denied the motion. The jury found Crunk guilty, sentenced him to two years' confinement, and fined him $1,000. The trial court suspended the sentence and placed Crunk on community supervision for six years. Crunk now appeals.

## DISCUSSION

Crunk argues the trial court erred by denying his motion for directed verdict because there was legally insufficient evidence that he intended to ask the student to take a photograph of her "genitals, anus, or breast below the top of the areola." *See* TEX. PENAL CODE ANN. § 43.25(a)(1), (2), (3) (West 2015) (defining a "sexual performance" to include taking a photograph showing "a

lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola.").

We review a trial court's denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted). A jury may infer a defendant's intent from "draw[ing] multiple reasonable inferences as long as each inference is supported by the evidence presented at trial." *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

Crunk orally commented on the size of the student's breasts. He then touched and rubbed the student's leg near her "private parts," which the jury could have reasonably inferred were her genitals. Crunk, immediately after commenting on the size of the student's breasts, asked her for photos of "anything" she wanted to show him. The student testified she believed he was asking her to take nude pictures of herself. The jury could have rationally inferred from the student's testimony that Crunk's intent was to have the student lewdly exhibit her genitals or her full breasts in a photograph. Therefore, the trial court did not err in denying Crunk's motion for directed verdict and the evidence is legally sufficient to support the judgment.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish